IN THE UNITED STATES DISTRICFT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| (1) BRITNEY GEORGE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | COMPLAINT |
| (1) MIDLAND CREDIT MANAGEMENT, INC, | ) | (Unlawful Debt Collection Practices) |
| (2) MIDLAND FUNDING, LLC, | ) | |
| (3) EATON GROUP ATTORNEYS, LLC, | ) | JURY TRIAL DEMANDED |
| | | |
| Defendant. | | |

## COMPLAINT

NOW COMES Plaintiff, Britney George, and for a Complaint against Defendant, Midland Credit Management, Midland Funding, LLC, and Eaton Group Attorneys, LLC alleges as follows:

## INTRODUCTION

1. Plaintiff states a claim against Midland Funding LLC ("Midland"), Midland Credit Management, Inc. ("MCM"), and Eaton Group Attorneys, LLC ("EGA") for violation of the Fair Debt Collection Practices Act, codified 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), which was enacted in 1978 and the Louisiana Unfair Trade Practices and Consumer Protection Act ("LUTPA"), La. R.S. § 51:1401 et seq. .

2. The purpose of these statutes is to protect unsophisticated consumers from acts or practices that are abusive, deceptive, and harassing

3. Congress stated its findings and purpose of the FDCPA:

(a) **Abusive practices**

> There is *abundant evidence* of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors.

>Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

(b) **Inadequacy of laws**

>Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

(c) **Available non-abusive collection methods**

>Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.

(d) **Interstate commerce**

>Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

(e) **Purposes**

>It is the purpose of this title to *eliminate* abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

## JURISDICTION AND VENUE

4. Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy.

5. Defendants conduct business in the state of Louisiana; therefore, personal jurisdiction is established.

6. Venue is proper pursuant to 28 U.S.C. 1391(b)(2).

## STANDING

7. Plaintiff has suffered an injury in fact that is traceable to Defendants' conduct and that is likely to be redressed by a favorable decision in this matter.

8. Specifically, Plaintiff suffered a concrete injury as a result of Defendant's communication of false information, misrepresentation and harassment in connection with its attempt to collect an alleged debt from Plaintiff.

9. Plaintiff has suffered financial and economic damages in addition to mental and emotional distress as a result of Defendant's unfair, deceptive, false, and misleading actions.

## PARTIES

10. Plaintiff is a natural person who resides in Shreveport, Parish of Caddo, Louisiana.

11. Plaintiff is a consumer as that term is defined by 15 U.S.C. 1692a(3), and according to Defendant, Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. 1692a(5).

12. Defendants are debt collectors as that term is defined by 15 U.S.C. 1692a(6), and sought to collect a consumer debt from Plaintiff.

13. Defendant, Midland Funding LLC ("Midland"), is a Delaware limited liability company with its principal place of business at 3111 Camino Del Rio N, Suite 1300, San Diego, California 92108. It acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone, in its business, the principal purpose of which is to collect, or attempt to collect, directly or indirectly, delinquent consumer debts. Midland operates a nationwide delinquent debt collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of Louisiana via collection letters, phone calls, credit reports and lawsuits. In fact, Defendant Midland was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

14. Defendant Midland buys/obtains large portfolios of defaulted debts for pennies on

the dollar, which it then collects upon by posting negative information to consumer's personal credit reports and through other collection agencies, like its sister corporation, Defendant Midland Credit Management, Inc.

15. Defendant, Midland Credit Management, Inc. ("MCM"), is a Kansas corporation with its principal place of business at 3111 Camino Del Rio N, Suite 1300, San Diego, California 92108.  MCM does or transacts business in Louisiana, though it has no employees here.

16. Defendant MCM is a collection agency and attempts to collect debts held in the name of Midland Funding, LLC.

17. Defendant MCM holds collection agency licenses from various states.

18. Defendant MCM regularly collects or attempts to collect defaulted consumer debts, and is a "debt collector" as defined in 15 U.S.C. § 1692a(6) of the FDCPA.

19. Midland, MCM and their parent, Encore Capital Group ("Encore"), were recently the target of an administrative action filed by the federal Consumer Financial Protection Bureau ("CFPB") for violation of the FDCPA.  On September 9, 2015, a Consent Order was entered in that proceeding[1]. The CFPB ordered Encore to refund customers up to $42,000,000.00, to stop efforts to collect on $125,000,000.00 in debts and to pay a $10,000,000.00 penalty. Some of the findings were that:

---

[1] The consent order is available for download at http://files.consumerfinance.gov/f/201509_cfpb_consent-order-encore-capital-group.pdf. Defendant Midland has stipulated to the facts contained in the Consent Order  in a separate document available for download at http://files.consumerfinance.gov/f/201509_cfpb_stipulation-encore-capital-group.pdf

    a) Encore is one of the largest Debt buyers and collectors in the United States. From 2009 to 2015, Encore's estimated gross collections totaled over $5 billion, with net income of more than $384 million.

    b) Encore has filed hundreds of thousands of lawsuits to collect Consumer Debt. Most of the Consumers sued by Encore are not represented by counsel. Encore has placed tens of thousands of accounts with law firms staffed by fewer than ten attorneys. Encore has encouraged these law firms to file lawsuits on a large percentage of accounts, prohibited them from contacting previous owners of the Debt for account-level documentation, and discouraged them from requesting account-level documentation Encore did not deem necessary to settle a case or obtain a judgment. (Para. 48).

20. More recently, on October 15, 2020, Midland, MCM and their parent, Encore were again found to be violating the FDCPA and their existing Consent Order in an additional administrative action filed by the federal CFPB, and order to further redress consumers consequently in an additionally required Consent Order[2].

21. Defendant EGA is a debt collector domiciled in Baton Rouge, Louisiana.

22. Upon information and belief, Defendant EGA uses interstate mail and makes telephone calls to consumers attempting to collect on defaulted consumers debt. Defendant additionally files lawsuits against consumers in Louisiana regarding defaulted consumer debt.

23. Defendants acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

---

[2] The October 15, 2020 additional consent order is available for download at https://files.consumerfinance.gov/f/documents/cfpb_encore-capital-group-et-al_proposed-stipulated-final-judgment-and-order_2020-10.pdf.

24.     On December 19, 2018, Plaintiff received a letter [Exhibit 1] from Capital One Services, LLC regarding a purported debt. This letter stated that the purported debt was sold to Midland.

25.     On December 10, 2019, Plaintiff received a letter [Exhibit 2] from Defendant EGA communicating and attempting to collect a debt, stating that a purported, "CAPITAL ONE BANK (USA), NA/VIA CARD account was sold to Midland Funding, LLC, which is now the sole owner of this debt." This letter was recommunicated by Defendants via a letter demanding and attempting to collect a debt from Plaintiff on July 24, 2020.

26.     On July, 13, 2020 Defendant, MCM filed a petition in Shreveport City Court, Case No.: 2020R02886, (the "Suit") falsely alleging and misrepresenting that they were the owner of the purported debt in violation of 15 U.S.C. § 1692e and § 1692e(10). MCM is a separate and different entity than Midland. According to the documents produced by the Defendants themselves in the lawsuit, MCM does not own the purported debt. However, Defendant MCM falsely alleged that they were legally authorized to attempt to collect the purported debt through judicial means. Defendant MCM made this misrepresentation and false allegation to confuse and harass Plaintiff.

27.     In the alternative, Defendant EGA and Defendant Midland falsely alleged that Defendant Midland was owner, legally authorized to attempt to collect the purported debt in the December 10, 2019 letter, *supra*, 15 U.S.C. § 1692e and § 1692e(10). Defendant EGA and Defendant Midland made this misrepresentation and false allegation to confuse and harass Plaintiff.

28.     On July 20, 2020 Plaintiff filed affirmative defenses in response to the state court action as a *pro se* litigant.

29. On or around July 24, 2020, a mere four days after receiving Plaintiff's affirmative defenses, Defendant EGA communicated and attempted to collect a debt with the still *pro se* litigant by mailing an attached consent judgment [Exhibit 3] to Plaintiff stating that after "considering the filings, Consent Judgment, and the law and evidence being in favor of the plaintiff of the defendants … IT IS ORDERED ADJUDGED, AND DECREED that judgement be rendered in favor of the Plaintiff". Defendant EGA instructed Plaintiff to respond to the document by "signing and … return the attached document within two weeks." The attached consent judgment order contained: (a) the identical header as Defendant EGA other court filed documents in the, (b) declaration that "the law and evidence being in favor of the plaintiff" that it is "ORDERED, ADJUDGED, AND DECREED that judgement be rendered", (c) Defendant EGA's signature, (d) language that "Notice of Judgment was mailed to defendant", (e) language effectively only requiring Plaintiff's signature to be filed as a judgment against Plaintiff for the full sum of the purported principle, interest from date of judgment, and all costs, (f) a statement that "entire balance shall be due without the need for further proceedings of this court", and (g) a "FURTHER ORDERED" payment schedule. However, none of the above statements were effectively true. Defendant EGA and Defendant Midland made this misrepresentation and false allegation to confuse and harass Plaintiff to believe that the consent judgment was already filed before and authorized by the state court.

30. On July 29, 2020, only two weeks after initiating the Suit, Defendant(s) filed a motion for summary judgment with the state court against the still *pro se* litigant.

31. Upon information and belief, Defendant intended to use the consent judgment to obtain repayment of the alleged debt though involuntary methods such as wage garnishment and seizure of funds and property. Moreover, Defendant made misrepresentations to Plaintiff to

confuse and harass Plaintiff to strategically mislead Plaintiff into either a viced consent judgment or an improperly expedient default judgment to seize Plaintiff's funds and property with unfair and unconscionable debt collection methods.

32. Defendant EGA has made several, almost identical attempts to confuse and harass consumers through deceptive attempts to mislead consumers to sign consent judgments which the Fifth Circuit has routinely found to be in violation of the FDCPA and LUTPA. See Johnson v. Eaton, 873 F.Supp. 1019 (M.D. La. 1995), Johnson v. Eaton, 80 F.3d 148 (5th Cir. 1996), Brandon v. Eaton Grp. Attorneys, LLC (E.D. La. 2017) Civil Action No.:2:16-cv-13747, Hays v. Eaton, (M.D. La 2017) Civil Action No.:3:17-cv-88. This very Court has ruled that these confusing documents are damaging because "[s]pecifically, an unsophisticated debtor may not know that the consent judgment will serve to waive potentially valid defenses and may facilitate a wage garnishment order." Brandon v. Eaton Grp. Attorneys, LLC (E.D. La. 2017). Despite the persistent rulings, Defendant EGA's attempts to trick consumers evidently persist.

33. Plaintiff has suffered actual damages as a result of these illegal collection communications by Defendant in the form anger, anxiety, emotional distress, fear, frustration, upset, amongst other negative emotions.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT, (FDCPA), 15 U.S.C. § 1692 et seq.

32. Defendants violated 15 U.S.C. §1692e for making false, deceptive, and misleading representation regarding the alleged debt.

33. Defendants violated 15 U.S.C. §1692f for using unfair and unconscionable debt collection methods.

**WHEREFORE**, Plaintiff, Britney George, respectfully prays that judgment be entered against Defendants, Midland, MCM, and EGA, for the following:

a) Statutory damages of $1,000.00, pursuant to the FDCPA, 15 U.S.C. 1692k;

b) Actual damages pursuant to the FDCPA, 15 U.S.C. 1692k;

c) Costs and reasonable attorney's fees pursuant to the FDCPA, 15 U.S.C. 1692k; and

d) Any other relief that this court deems to be just and proper.

Respectfully submitted,

/s/ Niko Imbraguglio
Niko Imbraguglio, LSBA #37392

**PARAMOUNT LAW**
CONSUMER PROTECTION FIRM

3014 Dauphine St
Ste A #26107
New Orleans, LA 70117
(504) 321-8383 voice
(918) 895-9774 fax
7250@paramount-law.net